**COGGER v. HAZEN et al., Com'rs of District of Columbia.** [*]

**No. 6599.**

United States Court of Appeals for the District of Columbia.

Decided July 13, 1936.

Phillip F. Biggins, of Washington, D. C., and John E. Hughes, of Chicago, Ill., for appellant.

E. Barrett Prettyman and Vernon E. West, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

**MARTIN, Chief Justice.**

This case was begun by a petition for mandamus filed by the Commissioners of the District of Columbia, as petitioners, against William Cogger, as respondent, wherein the petitioners alleged that Cogger is a citizen and resident of the District of Columbia and that he had neglected or refused to file a return of his personal property as required by law for the fiscal year ended June 30, 1934, and the fiscal year ended June 30, 1935; that the respondent has been repeatedly requested to file such a return and has neglected or refused to do so, nor has he paid any personal tax for the said years; that the assessor of the District of Columbia had certified to the commissioners that he was not able to ascertain a satisfactory basis for an assessment against the respondent on his personal property; and that the petitioners aver that the assessor is entitled to have from the respondent a full and complete return under oath of the personal property, tangible or intangible, owned by him or held in a fiduciary capacity for the years above mentioned. Wherefore petitioners prayed that the respondent be required by mandamus to file with the assessor of the District of Columbia a full return, signed by him and sworn to, of the personal property, tangible and intangible, owned and held by him in his private capacity or as a fiduciary.

In answer to the petition for mandamus the respondent admitted that he had not filed a return of personal property for the fiscal year ended June 30, 1934, and the fiscal year ended June 30, 1935, for the reason that he had no taxable tangible property at that time and that a tax levied under the Act of Congress of July 3, 1926, § 2, 44 Stat. 833 as amended (D.C.Code 1929, T. 20, § 756); upon his intangible personal property would be in conflict with the Fifth Amendment of the United States Constitution and therefore invalid.

Respondent denied that the assessor is entitled to have from him a full and complete return under oath of the personal intangible property, owned by him or held in a fiduciary capacity for the years above mentioned, for the reason that the respondent is within a class of persons maintaining a place of abode in the District of Columbia to whom the said taxing act is invalid and that he would be injured thereby by the assessement and collection of the alleged tax; that he is a member of that class of persons maintaining abodes in the District of Columbia who have no legal residence elsewhere; that levying against him an intangible tax on securities owned by him in a corporation incorporated in the various states amounts to a discrimination in favor of other classes also maintaining an abode in the District of Columbia who claim legal residence in the respective states. Respondent also alleged that he pays an income tax in the federal jurisdiction in Baltimore on such income as he receives from his intangible property owned by him and listed in Exhibits A and B, made a part of the answer by reference. Exhibits A and B set out various certificates of corporate stocks owned by respondent during the years ending June 30, 1934, and June 30, 1935, in various corporations incorporated in different states of the United States. Respondent therefore prayed to be dismissed with his costs.

Thereupon the petitioners, as Commissioners of the District of Columbia, filed a demurrer to the respondent's answer upon the ground that it was bad in substance. In support of the demurrer the Commissioners set out the following:

1. That the answer sets forth no facts which, if true, show that respondent is not required to file a return of the personal property owned and held by him as prayed in the petition.

2. That it appears from the answer filed by respondent herein that respondent is a resident of the District of Columbia and possesses certain intangible property subject to taxation by the District of Columbia.

3. That the acts of Congress providing for the taxation of intangible personal property in the District of Columbia are constitutional and valid.

The trial court having heard the arguments upon the demurrer to the answer sustained the same and entered judgment for the petitioners that the writ of mandamus should be issued as prayed. Whereupon the present appeal was taken by the respondent to this court.

In considering the present issues the court must have recourse to the pertinent provisions of the following statutes:

By Act of September 1, 1916 (39 Stat. 717), it was provided as follows: "Sec. 11 * * * That the moneys and credits, including moneys loaned and invested, bonds and shares of stock (except the stock of banks and other corporations within the District of Columbia the taxation of which banks and corporations is herein provided

for) of any person, firm, association, or corporation resident or engaged in business within said District shall be scheduled and appraised in the manner provided by paragraph one of said section six for listing and appraisal of tangible personal property, and assessed at their fair cash value, and as taxes on said moneys and credits there shall be paid to the tax collector of said District four-tenths of one per centum of the value thereof; Provided, That savings deposits of individuals in a sum not in excess of $500 deposited in banks, trust companies, or building associations, subject to notice of withdrawal and not subject to check, shall be exempt from this tax."

By Act of July 3, 1926 (44 Stat. 833), it is provided as follows: "Sec. 2. That any person maintaining a place of abode in the District of Columbia on January 1 of any year, and for six months or more prior thereto, shall be considered a resident of the District of Columbia for the purpose of taxation on his intangible personal property wherever located, unless evidence shall be submitted to the assessor of the District of Columbia, satisfactory to him, that such intangible personal property or the income thereof is taxed to said person in some other jurisdiction, or that the assets of a corporation or association represented by shares or certificates constituting such intangible personal property are taxed by the State in which such corporation or association is chartered or organized and in which such person has a legal residence, in lieu of a tax upon such shares or certificates: Provided, That Cabinet officers and persons in the service of the United States Government elected for a definite term of office shall not be considered as residents of the District of Columbia for the purposes of this section."

Minor changes, not important here, were effected by the Act of February 18, 1929, § 4, 45 Stat. 1227 (D.C.Code 1929, T. 20, § 756), wherein it was provided that the tax return date should be changed from January 1 to July 1 of each year, and the period of residence of the taxpayer was reduced from six months to three months. In addition the Act of February 18, 1929, provided in section 5 (D.C.Code 1929, T. 20, § 758) that: "If any person neglects or refuses to file a return of personal property as required by law, and the assessor certifies to the board of commissioners that, in his opinion, the best information obtainable does not afford a satisfactory basis for assessment, the board of commissioners

may, by petition to the Supreme Court of the District of Columbia for mandamus against such person, compel the filing of a sworn return, and in such case the court shall require the person at fault to pay all expenses of the proceeding."

The appellants claimed that the taxing acts aforesaid lack uniformity and divide the residents of the District of Columbia into unreasonable and arbitrary classes for taxation purposes; that the taxing act delegates to the assessor of the District of Columbia legislative and judicial power; that the act is unjustly discriminatory in violation of the Constitution of the United States; and that the residents of the District of Columbia by this taxing act are denied privileges and immunities allowed citizens of the several states.

More specifically the appellant contends that the part of the taxing act in question which provides that evidence of intangible property being taxed elsewhere shall be satisfactory to the assessor is an unconstitutional delegation of legislative and judicial power to the assessor; that the provision for exemption from the operation of the act of cabinet officers and persons in the service of the United States government elected for a definite term is unconstitutionally discriminatory; and that the exemption provided where the assets of the corporation are taxed by the state of its incorporation and in which the person seeking the exemption has a legal residence, in lieu of a tax upon the shares, is unconstitutional in that it is an unreasonable and arbitrary classification, lacking uniformity and equality.

■ We are of the opinion that the issues presented by the appellant cannot properly be brought before the court in this proceeding. The 1929 statute provides that such a proceeding as this may be brought for the purpose of compelling the taxpayer to report the property held by him. The mandamus sought by the commissioners and granted by the lower court was limited to that purpose. The various questions which might be raised after such report is made by the taxpayer concerning the constitutionality of the taxing provisions above set out cannot be raised by the pleadings in this case. The sole purpose of the case is a fact-finding purpose designed to procure from a citizen a list of the properties owned by him in order that thereafter a proper assessment may be made by the assessor.

■ Furthermore, we are of the opinion that the complaints of the appellant concerning the alleged unconstitutionality of the taxing statute are not relevant to the issues in this case because of the·fact that if the parts of the act of 1926 complained of are unconstitutional, nevertheless the principal provisions of ˙the statute would remain operative and the appellant's property would be taxable under the general provisions of the act of 1916, unaffected by the amendments subsequently enacted. Frost v. Corporation Commission, 278 U. S. 515, 49 S.Ct. 235, 73 L.Ed. 483.

In either event therefore in the present case a report must be had of the appellant's property in order that an assessment may be made, and this is so whether it is under the, act of 1916 or the amending act of 1926. Our opinion in this case therefore is not conclusive of the questions raised by the appellant concerning the constitutionality of the taxing act, inasmuch as, in any event, the judgment of mandamus entered by the lower court should be sustained.

■ We have noted the claim made by appellant concerning his payment of taxes upon the income of the stocks owned by him to the federal collector at Baltimore, ·but we consider this claim to be without merit.

Therefore, upon the grounds above set out we affirm the judgment of the lower court with costs.

Affirmed.

GRONER, Associate Justice.
I think the mandamus should issue on the authority of Hazen et al., Commissioners, v. Hardee, 64 App.D.C. 346, 78 F.(2d) 230.